# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGE R. BERRY,**

<b>Plaintiff,</b>

-vs-                                            **Case No.  6:05-cv-1290-Orl-28JGG**

**STATE OF FLORIDA,**

<b>Defendant.</b>

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **STATE OF FLORIDA'S MOTION TO DISMISS AMENDED COMPLAINT(Doc. No. 23 )** |
| **FILED:** | **March 17, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The State of Florida ("the State") moves pursuant to Fed. R. Civ. Pro. 12(b) to dismiss Plaintiff's Amended Complaint.  Plaintiff's Amended Complaint incorporates by reference items 1-8 of the original complaint, filed at Docket No. 1.  Docket No. 22 at ¶ 1.

Plaintiff's case is largely based on alleged acts of impropriety by Hearing Officer Ernest Mullins, who presided over child support hearings in 1989, 1994, and 1996 in which Plaintiff was a party.  Docket No. 1 at ¶¶ 4, 6, 8; Docket No. 22 ¶¶ 4, 7, 8, 10.  The pleadings do not allege what is Mullins connection to the State, *i.e.*, that Mullins is an employee or agent of the State.  Plaintiff further

alleges he was incarcerated improperly on August 20, 2001, to coerce a payment of child support, and that he was denied access to prescription medication during his incarceration.  Docket No. 1 at ¶¶ 1, 2; Docket No. 22 at ¶ 12.  Plaintiff does not allege who caused his incarceration or the deprivation of medication, *i.e.*, Osceola County or the State.

The Amended Complaint further alleges that in 1990, Osceola County Chief Judge Jay Coleman ignored Plaintiff's complaint about Hearing Officer Mullins' conduct of his hearing.  Docket No. 22, ¶14 and Exhibit 5 at 11-14.  Plaintiff complained about Judge Coleman to the Judicial Qualifications Commission, who allegedly took no action against Judge Coleman or Hearing Officer Mullins.  *Id*.  Plaintiff's Amended Complaint does not specify the relief sought by his action, although the original complaint sought only monetary damages.  See Docket No. 1 at 4.

## I.   THE LAW

### A.   Standard of Review

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45 - 46 (1957);  *see Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990);  *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986);  *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (threshold is "exceedingly low").  In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff.  *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983).  The Court does not generally accept conclusory allegations as true.  *See S. Fla. Water Mgmt. Dist. v.*

*Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir. 1996); *accord, Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

**B.**   <u>**Immunities from Suit**</u>

Government officials may be sued in either their individual or official capacities, or both. Personal-capacity suits seek to impose personal liability — *i.e.* seek to take money out of a government official's personal bank account — for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Official-capacity suits, in contrast, generally represent an alternative way to plead an action against the entity of which the officer is an agent.  *Graham*, 473 U.S. at 165.  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Graham*, 473 U.S. at 166.  The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as sovereign immunity under the Eleventh Amendment.  *Graham*, 473 U.S. at 167.

The Eleventh Amendment states as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The amendment not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizens. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000), *citing Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

1.     **Parties Entitled to Invoke the Eleventh Amendment**

The Eleventh Amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 - 02 (1984);  *Edelman*, 415 U.S. at 663 (1974);  *Ex parte New York*, 256 U.S. 490, 500 (1920).  Thus, the Eleventh Amendment extends to state agencies and other arms of the state, but it does not reach lawsuits against municipalities and other discreet political subdivisions that are sufficiently independent from the state.  *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 280 (1977); *Brown v. East Cent. Health Dist.*, 752 F.2d 615, 617 (11th Cir. 1985).  In determining whether the Eleventh Amendment provides immunity to a particular entity, the court examines the following factors: 1.) how state law defines the entity; 2.) what degree of control the state maintains over the entity; 3.) where the entity derives its funds; and 4.) who is responsible for judgments against the entity. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231 (11th Cir. 2000).

2.     **Exceptions to Eleventh Amendment Immunity**

a.     *Ex parte Young* **Exception**

Under the doctrine of *Ex parte Young*, Eleventh Amendment immunity does not extend to suits against state officers seeking prospective equitable relief to end continuing violations of federal law. *Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1219.  The *Ex parte Young* doctrine permits suit against a state official directly to end a violation of federal law, but not suits seeking relief that is intended indirectly to encourage compliance with federal law through deterrence, or that is intended simply to compensate the victim.  *Id.*  The Eleventh Amendment does not generally prohibit suits

against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages. *Id.*

### b.    Abrogation by Congress

To determine whether Congress has abrogated a state's Eleventh Amendment immunity, a reviewing court must resolve two predicate questions: first, whether Congress has unequivocally expressed its intent to abrogate that immunity; and second, whether Congress did so pursuant to a valid grant of constitutional authority. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute. *Id.* Congress lacks power under Article I of the Constitution to abrogate the States' immunity. *Id.* at 78. Section 5 of the Fourteenth Amendment, however, does grant Congress the authority to abrogate the States' immunity. *Id.* at 80. However, the same language that serves as the basis for the affirmative grant of congressional power also serves to limit that power. *Id.* at 81. In order to avoid crossing the line between permissible and impermissible exercise of that power, Congressional legislation must evince a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end. *Id.* at 81.

### 3.    Waiver by State

In order to constitute waiver of Eleventh Amendment immunity from suit in federal court, a state statute must employ language that is either explicit, or else admits of no other reasonable interpretation. *Edelman*, 415 U.S. at 673; *Gamble v. Fla. Dept. of Health & Rehab. Servs.,* 779 F.2d 1509, 1512 (11th Cir. 1986). Evidence that a state has waived immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court. *Fla.*

*Dept. of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981); *Tuveson*, 734 F.2d at 734.

Florida Statutes § 768.28 expressly waives Florida's sovereign immunity from tort actions brought in its own courts, with certain limitations.  The Eleventh Circuit has held that § 768.28 does not waive Florida's Eleventh Amendment immunity.  *See Hamm v. Powell*, 874 F.2d 766, 770 n. 3 (11th Cir. 1989); *Gamble*, 779 F.2d 1509.  To the contrary, subsection 768.28 (16) declares the legislature's intention that Florida statutes not be construed to waive Eleventh Amendment immunity unless they explicitly waive immunity from suit in federal court.  While Fla. Stat. § 760.10 applies on its face to governmental entities or agencies, *see* §760.02 (6)  - (7); § 760.10, § 760 contains no express waiver of Eleventh Amendment immunity from suit in federal court.

## II.   ANALYSIS

The State raises several arguments in support of its motion to dismiss.[1]  The Court finds it unnecessary to address all of the State's arguments in disposing of the motion.  The Court makes no finding regarding the merits of any argument not specifically addressed.

### A.   Res Judicata

The State argues that the rulings in *George R. Berry v. Ernest Mullins*, United States District Court for the Middle District of Florida, Case No. 6:99-cv-428-PCF, and *George R. Berry v. Osceola County*, U.S. District Court for the Southern District of Florida, Case No. 99-7021, bar Plaintiff's action in its entirety under the theory of *res judicata*.  *Res judicata* attaches when the same cause of

---

[1]  The State argues that: 1.) the complaint's reliance on 18 U.S.C. § 242 fails to state a civil claim; 2.) Plaintiff's claim pursuant to 42 U.S.C. § 1983 is barred by the statute of limitations and Eleventh Amendment immunity; 3.) res judicata bars the claim; 4.) the body of the complaint fails to state any claim against the State; 5.) the Rooker-Feldman doctrine mandates dismissal; 6.) judicial, quasi-immunity and sovereign immunity bar the action.

action is litigated between the same parties in consecutive cases. *Christo*, 223 F.3d at 1338 n.46.

Under the rules of *res judicata*, when a plaintiff obtains a judgment, the effect of the judgment extends

to the litigation of all issues relevant to the same claim between the same parties. *Id*.

*Res judicata* is inapplicable here because the State fails to establish that the same parties were

involved in the prior litigation. The State of Florida clearly is not named as a party in *Berry v.*

*Mullins*. Docket No. 23-2. Nor was the State of Florida a party in *Berry v. Osceola County*. While

the words "State of Florida" follow "Osceola County" in the caption of the complaint, there are no

allegations against the State. Docket No. 23-4 at 1-9. Indeed, the court's decision makes it clear that

the State was not a party as the decision refers to Plaintiff's contention that he could re-file his claim

and name the State of Florida as a defendant. Docket No. 23-4 at 11.

B.    **Failure to State a Claim**

More persuasive are the State's arguments that the Amended Complaint fails to state a claim.

Plaintiff pleads the Court has jurisdiction over his claims under 18 U.S.C. § 242 and Articles IV, VII,

VIII, and XIV of the Constitution of the United States. Docket 1 at 1. Plaintiff's Amended Complaint

specifically raises a claim pursuant to 42 U.S.C. § 1983. Docket 22 at 1. The Court cannot discern

any other federal claim from the pleadings.

1.    **Claim Pursuant to 18 U.S.C. § 242**

To the extent Plaintiff is attempting to state a claim under 18 U.S.C. § 242, it is not a valid

cause of action. Section 242 is a criminal statute, and is considered the criminal counterpart to

42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 929 n.13 (1982); *Madiwale*

*v. Savaiko*, 117 F.3d 1321, 1324 n.1 (11th Cir. 1997). Section 242 simply does not create a private

right of action. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor

can bring a complaint under 18 U.S.C. §§ 241-242 . . . These statutes do not give rise to a civil action for damages."). *See also, Fundiller v. City of Cooper City,* 578 F. Supp. 303, 306 (S.D. Fla. 1984) (no private right of action under 18 U.S.C. § 242), *rev'd on other grounds,* 777 F.2d 1436 (11th Cir. 1985).

2.     **Claim Pursuant to 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To obtain relief under § 1983, a plaintiff must show that a "person" acting under color of state law deprived him or her of a federal right. *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

The State, however, is not a "person" subject to suit under Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71(1989). Further, even assuming that Hearing Officer Mullins and Judge Coleman were employees or agents of the State and Plaintiff was attempting to hold the State liable for their actions, the pleadings allege actions taken by Mullins and Coleman in their official capacities. State officials acting in their official capacities also are not "persons" within the meaning of Section 1983. *Id.* Therefore, Plaintiff cannot state a claim under Section 1983.

3.     **Other Claims**

If Plaintiff intended to bring some other claim, he must overcome the State's Eleventh Amendment immunity to proceed in federal court. After disposing of Plaintiff's claims pursuant to 18 U.S.C. § 242 and 42 U.S.C. § 1983, the only remaining claims arise under state law. The Court

finds the State has not waived its Eleventh Amendment immunity to the state law claims raised in the

Amended Complaint and no other exception applies.  Since the Amended Complaint does not seek

equitable relief against a state official nor is there a continuing violation, the *Ex Parte*

*Young* exception does not apply.  Also, as there are no other federal claims, Congressional abrogation

of the State's immunity is inapplicable.

The Court finds beyond a doubt that Plaintiff can prove no set of facts in support of his claim

which would entitle him to relief in this Court.  Therefore, Plaintiff's case should be dismissed.

**IT IS RECOMMENDED THAT:**

1.      The State of Florida's motion to dismiss the Amended Complaint be granted;

2.      The federal claims be dismissed with prejudice and the state law claims be dismissed

         without prejudice; and

3.      The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on April 5, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy